**OREGON ENTERTAINMENT CORPO-RATION, an Oregon corporation,** Plaintiff–Appellant,

v.

**The CITY OF BEAVERTON,** Defendant–Appellee.

**No. 05–35471.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed May 3, 2007.

Bradley J. Woodworth, Esq., Bradley J. Woodworth & Assoc., Portland, OR, for Plaintiff–Appellant.

Janet M. Schroer, Esq., Cecil Reniche–Smith Esq., Hoffman Hart & Wagner, LLP, Portland, OR, for Defendant–Appellee.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Oregon Entertainment Corporation ("OEC") appeals the district court's grant of summary judgment in favor of defendant City of Beaverton on OEC's due process claims under 42 U.S.C. § 1983. OEC argues that state and local statutes and regulations created a federally protected property interest in a conditional use zoning permit to operate on a 24–hour basis, and that the City of Beaverton violated OEC's procedural due process rights by not allowing cross-examination at the hearing before the city council. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Reviewing the grant of summary judgment de novo, *see Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), we agree with the district court that the regulations and statutes at issue did not create a federally protected property interest in the conditional use permit. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The Supreme Court has emphasized that property interests arise only when the relevant state law provisions "truly ma[k]e [the conferral of the benefit] *mandatory.*" *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 760, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005).

Here, the Beaverton Development Code provides guidelines, but leaves the ultimate disposition to the discretion of the decisionmaker. *See, e.g.,* Beaverton Development Code ("BDC") § 20.10.05.2.B (stating that conditional uses "may be permitted"); BDC § 50.15.C (recognizing that a decision about conditional use permits "require[s] the exercise of substantial discretion"). Because we cannot say that the conferral of a conditional use permit is "truly mandatory" when all prerequisites have been met, OEC has not established a protected property interest. Further, because a showing of a protected interest is a "threshold requirement to a ... procedural due process claim," *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir.1994), we need not reach OEC's contention that the process at the hearing was constitutionally inadequate.

OEC also asks this court to instruct the district court to exercise supplemental jurisdiction over an Oregon state law claim. *See* 28 U.S.C. § 1367(c). Because the district court correctly resolved all the federal claims, it did not abuse its discretion in declining to exercise supplemental jurisdiction. *See Patel v. Penman*, 103 F.3d 868, 877 (9th Cir.1996).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.